IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| YVONNE THOMAS )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CITY OF ST. LOUIS BOARD OF POLICE )<br>COMMISSIONERS, aka Ms. Jo Ann )<br>Freeman, Mr. Michael Quinn, Mr. Julius )<br>Hunter, Mr. Christopher Goodson, )<br>Mr. Bartholomew Saracino, and )<br>Francis G. Slay, Mayor (In their individual )<br>capacities) )<br>)<br>)<br>JERRY LATTIMORE, )<br>)<br>and )<br>)<br>ANDRE SMITH, )<br>)<br>Defendants. ) | Cause No.: 4:03cv01114 TCM<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL REQUESTED |

THIRD AMENDED COMPLAINT

COMES NOW Yvonne Thomas, by and through her attorney, Herman L. Jimerson, in support of this First Amended Complaint states and alleges the following:

ALLEGATIONS COMMON TO ALL COUNTS

1. That jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a) and 1367; 42 U.S.C. §§1983, and 1988;

2. That jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966);

3. That the unlawful and discriminatory practices complained of herein were committed in the Eastern District of the State of Missouri;

1

4.      That Plaintiff resides at 5512 Oriole Ave., St. Louis, MO 63120, and is a resident of the State of Missouri;

5.      That Defendants of St. Louis Board of Police Commissioners, aka Ms. Jo Ann Freeman, Mr. Michael Quinn, Mr. Christopher Goodson, Mr. Julius Hunter, and Francis G. Slay, Mayor, in their individual capacities, are responsible for the promulgation and imp lementation of police policies and procedures and practices in and for the City of St. Louis, Missouri, and that at all time relevant to this complaint was responsible for the actions of its employees in the maintaining of its policies and procedures;

6.      That at all relevant times herein defendants Jerry Lattimore and Andre Smith worked for the St. Louis City Police Department;

7.      That, for the purposes of all of the following claims, the plaintiff seeks to recover against all of the defendants in their official and individual capacities;

## COUNT I

### VIOLATION OF 42 U.S.C. 1983:  FALSE ARREST

8.      That Plaintiff restates, realleges, and incorporates herein by reference paragraphs 1 through 7, as if fully set out herein;

9.      That on June 9, 2002, at approximately 10:30 p.m. Plaintiff was in her backyard relaxing by her pool, drinking a glass of wine, and listening to music;

10.     That Defendant's Police were called to Plaintiff's home for unknown reasons;

11.     That Defendant's Police dispatched two officers, defendants Lattimore and Smith to the plaintiff's home;

12. That Plaintiff asked Lattimore and Smith several times who had called them and why, but defendant police officers refused to respond, except to say that they "can't tell you," and to tell Plaintiff to "shut up";

13. That defendants unlawfully searched Plaintiff's backyard without a search warrant and without Plaintiff's permission;

14. That defendants stated to Plaintiff that they did not need permission;

15. That Plaintiff informed defendant police officers that she would be reporting them on Monday, June 10, 2002 to their superiors for their conduct;

16. That Plaintiff was immediately placed under arrest by one of the two (2) police officers whereby he grabbed Plaintiff by her arms, placed handcuffs on her and placed her in his patrol car;

17. That Plaintiff asked why she was being placed under arrest, and was told "because I can," by the police officers;

18. That acting under the color of law, defendants deprived and denied plaintiff's civil rights, privilege and immunities secured by the 4th, 5th, and 14th Amendments to the United States Constitution;

19. That Plaintiff was denied her liberty without due process of law, by taking her into custody and holding her against her will;

20. That Plaintiff was denied due process of law whereby the Defendants' police officers made an unreasonable search of her property and person;

21. That Plaintiff was denied equal protection under the law;

22. That there was no warrant for the arrest of Plaintiff on June 9, 2002, and the arrest was without reasonable grounds for defendants to believe Plaintiff had committed an offense;

3

23. That defendants knew that they were without probable cause to arrest Plaintiff;

24. That defendants had no intentions of arresting Plaintiff until after she stated that she was reporting their conduct to their superiors;

25. That as of result of defendants' unlawful and malicious arrest of plaintiff, she was deprived of both her liberty without due process of law, her right to equal protection of the laws, and the due course of justice was impeded.

26. That Plaintiff reported the defendants' wrong doings to Sgt. Turner of the Internal Affairs Division of the St. Louis Metropolitan Police Department.

WHEREFORE Plaintiff prays judgment for the false arrest against defendants for a sum to be decided by this Honorable Court, punitive damages in a sum as to deter defendants of conduct of this nature in the future, for attorney fees and costs associated with these proceedings, and for such other and further Orders as this Honorable Court deems meet, just and proper.

COUNT II

VIOLATION OF 42 U.S.C. 1983: DENTENTION AND CONFINEMENT

27. That Plaintiff restates, realleges, and incorporates herein by reference paragraphs 1 through 26, as if fully set out herein;

28. That Plaintiff was taken to Metropolitan St. Louis Psychiatric Center, 5351 Delmar Blvd., St. Louis, MO 63112, and admitted by defendants.

29. That Plaintiff was admitted to the Center for observation allegedly for threatening to kill her neighbor;

30. That Plaintiff did not threaten to kill her neighbor or assault anyone or commit any illegal act against anyone prior to that evening or anytime thereafter;

4

31. That as a result of the unlawful and malicious detention and confinement of Plaintiff, she was deprived of both her liberty without due process of law, her right to equal protection of the laws, and the due course of justice was impeded;

32. That doctors at the mental health facility indicated that there was no reason for Plaintiff's confinement;

WHEREFORE plaintiff prays judgment for unlawful detention and confinement against defendants in the official and individual capacities for a sum to be decided by this Honorable Court, punitive damages in a sum as to deter Defendants of conduct of this nature in the future, for attorney fees and costs associated with these proceedings, and for such other and further Orders as this Honorable Court deems meet, just and proper.

## COUNT III

### VIOLATION OF 42 U.S.C. 1983: NEGLECTING TO PREVENT

33. That Plaintiff restates, realleges, and incorporates herein by reference paragraphs 1 through 32, as if fully set out herein;

34. That at all times relevant to this Complaint, Defendant's St. Louis Metropolitan Police Department's officers were acting under the direction and control of Defendant City of St. Louis Board of Police Commissioners.

35. That acting under color of law and pursuant to official policy or custom, defendants knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis defendants' police officers in their duties to refrain from:

    a. Unlawfully and maliciously harassing a citizen who was acting in accordance with her constitutional and statutory rights, privileges, and immunities,

b.  Unlawfully and maliciously imprisoning a citizen who was acting in accordance with her constitutional and statutory rights, privileges, and immunities,

c.  Conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and the laws of the State of Missouri, and

d.  Otherwise depriving Plaintiff of her constitutional and statutory rights, privileges, and immunities.

36. That defendants failed to exercise duties to instruct, supervise, control, and discipline the wrongs conspired to be done as previously alleged, had the power to prevent the commission of said wrongs, and recklessly, or with gross negligence failed or effused to do so;

37. That defendants, under the color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendants' police officers heretofore described;

38. That as a direct and proximate cause of the negligent and intentional acts of defendants as set forth in this Complaint, plaintiff suffered mental anguish in connection with deprivation of her constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

WHEREFORE Plaintiff prays judgment against defendants in the official and individual capacities for a sum to be decided by this Honorable Court, punitive damages in a sum as to deter Defendants of conduct of this nature in the future, for attorney fees and costs associated with these proceedings, and for such other and further Orders as this Honorable Court deems meet, just and proper.

## COUNT IV

## MALICIOUS ABUSE OF PROCESS

6

39. That Plaintiff restates, realleges, and incorporates herein by reference paragraphs 1 through 38, as if fully set out herein;

40. That defendants maliciously used a legal process to accomplish some ulterior purpose for which the legal process was not designed or intended;

41. That defendants knew or should have known that the placing of Plaintiff under arrest, detainment, and confinement were unfounded and unnecessary, and an abuse of process;

42. That defendants knew or should have known that by not informing Plaintiff as to why she was being placed under arrest, detained, or confined was an abuse of process;

43. That when plaintiff informed defendants that she was reporting their unlawful search and disrespectful conduct to their superiors, said police officers immediately placed Plaintiff under arrest, detained, and confined her without probable cause;

44. That when plaintiff complained to higher authorities within the Metropolitan Police Department nothing was done in response to her allegations;

45. The defendants St. Louis Board of Police Commissioners, in there individual capacities, are responsible for the pattern and practice of denying citizens' civil rights as described herein.

WHEREFORE Plaintiff prays judgment against defendants in the official and individual capacities for a sum to be decided by this Honorable Court, punitive damages in a sum as to deter Defendants of conduct of this nature in the future, for attorney fees and costs associated with these proceedings, and for such other and further Orders as this Honorable Court deems meet, just and proper.

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

7

46.     That plaintiff restates, realleges, and incorporates herein by reference paragraphs 1 through 45, as if fully set out herein;

47.     That defendants intentionally and deliberately inflicted emotional distress on Plaintiff by maliciously using the lawful process by unlawful purpose, violating Plaintiff's constitutional rights, by falsely arresting and imprisoning the Plaintiff, by conspiring against Plaintiff, or by interfering with plaintiff's State civil rights by threats, coercion or intimidation, or knew or should have know that emotional distress was the likely result of their conduct;

48.     That defendants' conduct was extreme and outrageous;

49.     That the actions of the defendants were the cause of Plaintiff's distress;

50.     That the emotional distress sustained by Plaintiff was severe and of a nature that no reasonable person could be expected to endure;

51.     That the plaintiff's emotional distress from the defendants' abusive practices was so severe that it was medically significant;

52.     That as a result of Defendants' extreme and outrageous conduct, Plaintiff will continue to suffer mental anguish, emotional trauma, embarrassment, and humiliation.

WHEREFORE Plaintiff prays judgment against defendants in the official and individual capacities for a sum to be decided by this Honorable Court, for attorney fees and costs associated with these proceedings, and for such other and further Orders as this Honorable Court deems meet, just and proper.

Respectfully Submitted,

                                              /s/ Herman L. Jimerson
                                              Herman L. Jimerson, #10509
                                              Jimerson Law Firm, P.C.
                                              225 South Meramec, Suite 508
                                              Clayton, Missouri 63105
                                              (314) 862-0069
                                              (314) 862-4134 facsimile
                                              Herman@jimersonlawfirm.com

                                              Attorney for Plaintiff


## CERTIFICATE OF SERVICE

      The undersigned hereby affirms that a true and accurate copy of the foregoing document was sent by filing with the Court's CM-ECF electronic filing system, and thereby via E-Mail this 4th of October, 2006 to defendant's counsel of record:

Mr. Doug Leyshock
Assistant Attorney General
P.O. Box 899
Jefferson City, MO 65102-0899


                                              /s/ Herman L. Jimerson